WILLIAM G. WALKER, P.C.
1316 E. Broadway Blvd.
Tucson, AZ 85719
William G. Walker SBN 005361
wgwpc@aol.com
assistant@wgwatty.com
Telephone:  (520) 622-3330
*Attorney for Plaintiffs*

IN THE DISTRICT COURT FOR THE STATE OF ARIZONA,
DISTRICT OF TUCSON

| Mary Margaret Cowan, | ) | CASE NO.: 4:23-cv-00327-JAS |
| | ) | BIA Disciplinary No. D2017-0360 |
| Plaintiff, | ) | |
| | ) | FIRST AMENDED COMPLAINT |
| Vs. | ) | UNDER THE ADMINISTRATIVE |
| | ) | PROCEDURES ACT, PURSUANT TO |
| Board of Immigration Appeals, | ) | 5 U.S.C. §§ 551-559. |
| | ) | |
| Merrick Garland, in His Official Capacity | ) | |
| As United States Attorney General | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Mary Margaret Cowan, through her undersigned counsel, alleges as follows:

**I.
Introduction**

1.     This is a civil action brought by Plaintiff Mary Margaret Cowan (hereinafter "Plaintiff") to review and hold unlawful and set aside the Administrative Decision by the

Board of Immigration Appeals (hereinafter "BIA") of July 5, 2023 dismissing Plaintiff's appeal and affirming the Adjudicating Official's Order of December 8, 2020 (hereinafter "AO Order") and suspending Plaintiff from practice before the Immigration Courts, the BIA, and the Department of Homeland Security (hereinafter "DHS") for a period of two (2) years, effective 15 days from the date of the Administrative Decision. The Board disregarded Plaintiff's arguments and relevant evidence in the record. The Administrative Decision was arbitrary and capricious. The BIA Decision is attached hereto as Exhibit 1. The AO Decision is attached as Exhibit 2 hereto.

# I.
# Jurisdiction

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, in conjunction with the A.P.A. 5 U.S.C. § 702-706.

3. Pursuant to 28 U.S.C. §1331, "The District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. " Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under a federal law: to-wit, the A.P.A., 5 U.S.C. § 702-706.

4. The jurisdiction – conferring provisions of the A.P.A. provide as follows:

> An action in a court of the United States seeking relief other than money damages and stating a claim that an agency, officer, or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief thereon be denied on the grounds that it is against the United States or that the United States is an indispensable party. *The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States.* (Emphasis added).

5 U.S.C. § 702

## III.
## Venue

5. 28 U.S.C. § 1391(e)(1) provides that, "A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which…(C) the plaintiff resides if no real property is involved in the action." Jurisdiction is proper under 28 U.S.C. § 1391(e)(1) because this case does not involve real property and the Plaintiff resides in the Tucson Division of the District of Arizona.

## IV.
## Parties

6. Plaintiff is an immigration lawyer admitted in the State Bars of Arizona and Pennsylvania and residing at 1003 W. Delaware, Tucson, AZ 85745.

7. Board of Immigration Appeals reduced Plaintiff's suspension from indeterminate, but at least five (5) years, to two (2) years with the opportunity for reinstatement upon application in one (1) year.

8. US Attorney General Merrick Garland is the head of the Department of Justice (hereinafter "DOJ"), the cabinet department of which the BIA is a component.

10. The United States of America is a proper defendant in this action pursuant to 5 U.S.C. § 702.

## V.
## Exhaustion of Remedies

11. The BIA Decision denying the Plaintiff's appeal and suspending her from practice, effective 15 days after the date of the decision, constitutes a final agency action. Accordingly, there are no administrative remedies that must be exhausted.

## VI.
## Facts

12. On August 15, 2019, Disciplinary Counsel initiated discovery proceedings with filing of a Notice of Intent to Discipline alleging 24 counts to be subject to discipline under 8 C.F.R. § 1003.102(J) Frivolous Behavior; (N) Conduct Prejudicial to the Administration of Justice; (O) Competence; and (Q) Failure to Act with Reasonable Diligence and Promptness in representing a client.

13. Disciplinary Counsel for DHS subsequently requested that Respondent be similarly suspended from practice before that agency.

14. Plaintiff, as Respondent in this disciplinary action, filed a timely Answer and requested a hearing which was granted by the Board in an October 31, 2019, decision.

15. On December 8, 2020, the AO issued a Decision dismissing Count 10.

16. At the conclusion of the Administrative Hearing, the AO sanctioned Respondent Cowan to an indefinite period of suspension of not less than five (5) years with permission to seek reinstatement after five (5) years. The AO ordered that in order to seek reinstatement, Respondent Cowan must file an Affidavit, under oath, explaining changes she made to her practice.

17. On August 11, 2021, Respondent Cowan filed a Brief in Support of her Appeal to a three-judge panel of the Board of Immigration Appeals.

18. The three-judge panel reduced the proposed suspension of Plaintiff to two (2) years.

## VII.
## Issues and Standards of Review

19. AO's Finding of Fact are reviewed for clear error, 8 C.F.R. § 1003.03(d)(3); 1003.106(C); 8 C.F.R. § 1003.1(d)(3).

20. Disciplinary counsel "shall bear the burden of proving the grounds for disciplinary sanctions… by clear and convincing evidence." 8 C.F.R. § 1003.1(O)(6)(a)(2)(IV). A review of all charges against Plaintiff related to a prior time period in the past when her office was understaffed. A review of all charges against Plaintiff related to a time period prior to the current reorganization of the practice as added financial support has modernized the approach.

21. Plaintiff, during the period of time in question, represented hundreds of clients as the primary immigration lawyer with assistance and help from a staff of volunteer lawyers who work for Keep Tucson Together, a local organization that provides free legal representation to non-citizens and undocumented persons who cannot afford lawyers.

22. Plaintiff has practiced in Immigration Court for 45 years; 17 years as a Certified Representative and has been an active member of the State Bar of Arizona for 28 years.

23. The Order of the Administrative Court below requires that, in addition to suspension from practice, which is operative 15 days from the ruling, requiring she notify all present clients of the actions against her and to cease all representation on their behalf.

24. The present clients of Keep Tucson Together, for which Plaintiff is the primary lawyer involve the following applications pending:

- 1814 DACA Renewal Applications;
- 207 Naturalization Applications;
- 24 Derivative Citizen Applications;
- 44 Applications for Citizen Replacement Documents;
- 275 Applications for Fee Waiver;
- 159 Adjustments of Status;
- 159 Petitions to Immigrate Immediate Relatives;
- 211 Freedom of Information Act Requests;
- 152 Applications to Replace Permanent Resident Documents;
- 191 Applications for Work Permits;
- 377 Litigations in Immigration Court;
- 283 Board of Immigration Appeals.

25. At the Administrative level, there has always been an available mechanism for summary suspension of Plaintiff's practice before the Board. The Immigration Practice Manual, §§ (c) (1) & (g)

26. Despite the availability of summary suspension, if such is warranted, summary suspension has never been requested or granted at the Administrative level.

27. Although the disciplinary counsel initiated proceedings on August 15, 2019, all claims relating to this disciplinary action occurred much earlier.

28. Plaintiff's practice, as the lead counsel for indigent clients that would otherwise be *pro bono,* was, in its inception, underfunded, and understaffed.

29. Since those years, with increased financial support and additional lawyer and staff support, any alleged lapses by Plaintiff are not indicative of the practice as it is currently constituted.

30. Defendants waited an inordinate amount of time to bring these claims, to process them through the administrative process and reach a final Administrative Decision.

31. The result of these delays is that these claims are dated, and do not reflect the activities of the Plaintiff or the public interest that they serve.

32. When measured against the incredible successes that Plaintiff has achieved by representing otherwise *pro bono* clients, these claims against Plaintiff are not only dated, but de minimis.

## VIII.
## Claims for Relief
## First Claim for Relief
### (Administrative Procedure Act – 5 U.S.C. § 706(2)(A))

33. Plaintiff restates and re-alleges allegations contained in paragraphs 1 – 32 as though fully set forth therein.

34. The Administrative Procedures Act provides that a Court shall .hold unlawful and set aside agency action, findings, and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege, or immunity;

(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right

…[or]

(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute.

5 U.S.C. § 706(2)

35. The BIA Decision was arbitrary, capricious, an abuse of discretion, and not in accordance with law.

## Second Claim for Relief
### (Administrative Procedure Act – 5 U.S.C. § 706(2)(E))

36. Plaintiff restates and re-alleges the allegations contained in paragraph 1 through 35 as though fully set forth herein.

37. The decision of BIA to suspend Plaintiff from practice for two (2) years was not supported by substantial evidence and was capricious.

38. The suspension of Plaintiff from practice in the Immigration Court is not in the public interest because it will leave hundreds, if not thousands, of persons who will be otherwise unrepresented before that court.

39. Suspension of Plaintiff is an overly harsh disciplinary remedy in this case.

## IX
## Prayer for Relief

Wherefore Plaintiff Mary Margaret Cowan respectfully prays that the Court declare unlawful her suspension from practice for a period of two (2) years and set aside the BIA Decision of July 5, 2023.

Grant such other and further relief at law and in equity as justice may require;

Grant attorney's fees and costs of court to Plaintiff under the Equal Access to Justice Act.

DATED this 25th day of August, 2023.

               WILLIAM G. WALKER, P.C.

               /s/ William G. Walker
               William G. Walker
               SBN: 0005361
               1316 E. Broadway Blvd.
               Tucson, AZ 85719
               (520) 622-3330
               Bill@wgwatty.com
               assistant@wgwatty.com