GARY M. RESTAINO
United States Attorney
District of Arizona
KAITLIN S. HOLLYWOOD
Assistant U.S. Attorney
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
Civil fax: (520) 620-7149
e-mail: kaitlin.hollywood@usdoj.gov
*Attorneys for Defendant Merrick Garland*
*In his official capacity as United States Attorney General*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Margaret Cowan,<br><br>        Plaintiff,<br><br>vs.<br><br>Board of Immigration Appeal, et al.,<br><br>        Defendants. | **CV 23-00327-TUC-JAS**<br><br>**DEFENDANT'S MOTION FOR VOLUNTARY REMAND** |

Defendant Merrick Garland, also named as the Board of Immigration Appeals ("BIA") and the United State of America, by and through undersigned counsel, respectfully requests that this court remand this case to the BIA and dismiss this action. As explained further below, remand of this matter is appropriate because the Defendant learned that the record of proceedings was misplaced and recreated while Plaintiff's appeal before the BIA was pending, and the reconstruction inadvertently included attorney work-product and omitted certain filings. The Defendant wishes to inform the BIA of these issues, submit a corrected record with notice to Plaintiff and opportunity for Plaintiff's input, and allow the BIA to determine what, if any, steps are necessary to cure any error caused by the previous record. A remand would additionally conserve the parties and this court's time and resources by avoiding further briefing and a decision on the merits based on an incomplete record. Reconsideration by the BIA on a corrected record could potentially resolve or moot

Plaintiff's claims. If it does not, that decision can be challenged and the parties and reviewing court would benefit from reviewing the decision on an updated and completed record.

## FACTUAL AND PROCEDURAL BACKGROUND

**A.    *Statutory and Regulatory Overview***

The BIA is a component of the Executive Office of Immigration Review ("EOIR"). EOIR is an agency housed within the Department of Justice. 8 C.F.R. § 1003.0(a). It is overseen by a Director that is appointed by the Attorney General. *Id.* Along with the BIA, the following additional components are included within EOIR: the Office of Chief Immigration Judge ("OCIJ"), the Office of the Chief Administrative Hearing Officer, the Office of Policy, and the Office of the General Counsel. *Id.*

The BIA is the highest administrative body for interpreting and applying immigration laws. 8 C.F.R. § 1003.1(d). It is authorized to hear disputes on a wide range of immigration-related cases and is charged with the discipline of practitioners appearing before immigration courts. 8 C.F.R. § 1003.1(b). Although it is not an Article III court, the parties appearing before it are similarly entitled to due process because its hearings use similar procedures and the outcomes can affect an individual's constitutional rights. *Lanuza v. Love*, 899 F.3d 1019, 1026 (9th Cir. 2018); *see also Gadda v. Ashcroft*, 377 F.3d 934, 943 (9th Cir. 2004) (BIA's exercise of authority to supervise and discipline attorneys practicing before it subject to due process); *cf. United State v. Medina*, CR 18-653, 2019 WL 4462701 (C. D. Cal. Sept. 4, 2019) ("[A]n immigration court is not an Article III court, and a removal proceeding is an agency process, not an Article III adjudication.").

In recognition of the quasi-judicial authority the BIA exercises, it is "in the public interest for an adjudicating official or the [BIA] to impose disciplinary sanctions against any practitioner who" engages in a variety of enumerated misconduct. 8 C.F.R. § 1003.102 (describing 22 categories of conduct that can subject a practitioner to discipline). EOIR's Disciplinary Counsel is responsible for investigating complaints about practitioners' conduct by initiating a preliminary inquiry and allowing the practitioner to respond to the

complaints. 8 C.F.R. § 1003.104(b). If Disciplinary Counsel finds there is sufficient prima facie evidence to warrant disciplinary charges, they may file a Notice of Intent to Discipline ("NID") with the BIA that includes a statement of the charges and proposed disciplinary sanction. 8 C.F.R. § 1003.105(a)(1). The respondent practitioner may then file an answer to the NID and request a hearing. 8 C.F.R. § 1003.105(c). Once the respondent files their answer, the Chief Immigration Judge appoints an immigration judge or administrative law judge to act as the adjudicating official. 8 C.F.R. § 1003.106(a)(2). The respondent may be represented by counsel, and, at the hearing if one was requested, the parties may examine and object to evidence, and cross-examine witnesses. *Id.* The government bears the burden of proving the grounds for discipline by clear and convincing evidence. *Id.*

Following briefing and any requested hearings, the adjudicating official renders their decision based on the entire record. 8 C.F.R. § 1003.106(b). The adjudicating official may choose to adopt, modify, or amend Disciplinary Counsel's proposed sanction. *Id.* This decision does not become final until the time to appeal the decision to the BIA has passed or, if an appeal is filed, until the BIA issues its final decision. *Id.*

Disciplinary proceedings are largely governed by the same procedural rules that govern all matters in immigration court. 8 C.F.R. § 1003.106(a)(2)(v). The record of proceedings, which is created and controlled by the immigration court, must contain "the testimony, exhibits, applications, proffers, and requests, the immigration judge's decision, and all written orders, motions, appeals, briefs, and other papers filed in the proceedings." 8 C.F.R. §§ 1003.36, 1240.9. Upon appeal from the adjudicating official's decision, the record of proceeding must "be promptly forwarded to the [BIA] upon the request or the order of the [BIA], unless the [BIA] already has access to the record of proceeding in electronic format." 8 C.F.R. § 1003.5(a); *see also* 8 C.F.R. § 1003.1(e)(3) (creating case management system for BIA which "shall arrange for the prompt completion of the record of proceedings and transcript, and the issuance of a briefing schedule"). If the court fails to forward the administrative record in response to the BIA's request, the BIA may remand

a case to the immigration court without divesting the BIA of jurisdiction. 8 C.F.R. § 1003.1(d)(7)(iii).

On appeal, the BIA reviews the administrative official's factual findings for clear error but reviews "questions of law, discretion, and judgment and all other issues" de novo. 8 C.F.R. §§ 1003.1(d)(3), 1003.106(c). The BIA's decision constitutes a final administrative order and any sanctions become effective 15 days after the order is issued. 8 C.F.R. § 1003.106(c).

B.   *Immigration Court Case Management*

EOIR does not maintain case dockets for cases in immigration courts. Ex. 1, Declaration of Paul Rodrigues ("Rodrigues Decl.") ¶ 19. Prior to the COVID-19 pandemic, all filings (other than an initial notice of appearance) were required to be filed in hard copy either by mail or in person. *Immigr. Court Practice Manual*, Ch. 3, pg. 34 (Sept. 26, 2019), https://www.justice.gov/eoir/file/1205666/download (last accessed February 2, 2024). In March 2020, as the COVID-19 pandemic began to spread, EOIR gave practitioners the option to submit filings electronically by email. Rodrigues Decl. ¶ 12; Exec. Off. of Immigr. Rev., *Policy Memoranda 20-11*, https://www.justice.gov/eoir/reference-materials/OOD2011/dl (last accessed February 2, 2024); Dep't of Just., Off. of Inspector Gen, *Pandemic Response Report: Limited Scope Review of the [EOIR's] Response to the Coronavirus Disease 2019 Pandemic,* at 15–16, https://oig.justice.gov/sites/default/files/reports/21-063.pdf (last accessed February 2, 2024). Maintaining consistent paper files meant relying on immigration court staff to print the electronic mailings. Dep't of Justice, Off. Of Inspector General, *Pandemic Response Report*, at 16. In Phoenix and Tucson immigration courts, email filings were accepted until late November 2020. Exec. Off. of Immigr. Rev., *Filing by Email*, https://www.justice.gov/archives/eoir/filing-email-immigration-courts (last accessed Feb. 2, 2024).

### C.     *Plaintiff's Disciplinary Proceedings*

In August 2019, EOIR's Disciplinary Counsel, Paul Rodrigues, initiated disciplinary proceedings against Plaintiff. Rodrigues Decl. ¶ 9. Cowan answered, and, at her request, a 5-day evidentiary hearing was held in front of the assigned Adjudicating Official ("AO").[1] *Id.* ¶¶ 10, 13. Following those proceedings, the AO issued a decision dismissing two charges relating to Count 10, but otherwise upholding the remaining violations alleged in the 24-count NID. Ex. 3, Excerpts from Record of Proceedings, at USAO 00015, 00058–59. The AO sanctioned Plaintiff to an indefinite period of suspension with permission to seek reinstatement after five years if she followed certain enumerated conditions. *Id.* at USAO 00058.

Plaintiff timely appealed the AO's decision to the BIA in January 2021. Ex. 3 at USAO 00001–2; Rodrigues Decl. ¶ 15. A clerk for the BIA emailed Rodrigues on April 15, 2021. *Id.* ¶¶ 16, 19. Her e-mail stated:

> Would it be possible for you to give us copies of PIS, NID, Board decisions and any other correspondence which you might have received from the Board or the practitioner on Cowan's case? It appears that we lost that file somewhere, checked with [Immigration Judge] as well but none of them seem to have it. I am trying to reconstruct the lost file.

*Id.* ¶¶ 16, 19. Rodrigues replied that same day that he would do so. *Id.*

On June 8, 2021, the BIA clerk emailed Rodrigues with the hearing transcripts and briefing schedule for Plaintiff's appellate proceedings. Rodrigues Decl. ¶¶ 17, 19. In response, Rodrigues thanked her and added, "I still owe you more documents so that you can re-create the record, unless OCIJ found the record." *Id.* The clerk replied, "We are depending on you. No luck with OCIJ. Thanks." *Id.*

Approximately two months later, on August 3, 2021, the BIA clerk again emailed Rodrigues, asking him to send her "the remaining documents for [Plaintiff's] case."

---

[1] Due to the COVID-19 pandemic, Plaintiff's 5-day evidentiary hearing was conducted remotely, with Plaintiff appearing from a Tucson Immigration Court courtroom, the AO appearing from his courtroom at the Phoenix Immigration Court, and EOIR counsel appearing from EOIR headquarters in Falls Church, Virginia. Rodrigues Decl. ¶ 12.

Rodrigues Decl. ¶¶ 18–19.  Rodrigues stated he would "try to get everything to [her] by the end of the week" via Microsoft Teams.  *Id.*  After providing all the records he had in his control, Rodrigues "believed [he] had provided [the clerk] with all the filings, orders, and decisions such that she had a complete reconstruction of the record."  *Id.* ¶ 24.  Rodrigues did not have any further discussions with the BIA clerk about the record of proceedings.  *Id.*

On August 10, 2021, Plaintiff submitted her appellate brief to the BIA.  Rodrigues Decl. ¶ 25.  In it, she challenged the AO's decision on several grounds, including that it erred by granting the government's pre-hearing Motion to Deem All Factual Allegations Admitted.  Ex. 3 at USAO 00003.  Rodrigues responded, and the BIA issued its opinion in July 2023,[2] affirming the AO's conclusions of facts, but modifying her sanctions.  Ex. 3 at USAO 00001–14; *In re Mary M. Cowan*, D2017-0363 (B.I.A., July 7, 2023).  It reduced her sanctions to a two-year suspension, with leave to seek reinstatement after one year.  *Id.* at USAO 00014.

**D.     *This Litigation***

Plaintiff's Amended Complaint alleges the BIA's decision imposing sanctions was arbitrary and capricious and was not based on substantial evidence. (Doc. 10.)  During the course of review of the administrative record relied upon by the BIA, it was discovered that several filings were missing, including EOIR's Motion to Deem Factual Allegations Admitted, and an additional copy of Plaintiff's answer to the NID containing an EOIR attorney's handwritten notes was inadvertently included.  Rodrigues Decl. ¶ 27. Rodrigues was unaware of these discrepancies until after the certified administrative record was produced for purposes of this litigation.  *Id*.

---

[2] On July 5, 2023, the BIA issued its initial decision in this case.  Ex. 3 at USAO 00014.  On July 7, 2023, the BIA issued an amended decision to correct an issue in the caption and add page numbers.  *Id.*; Rodrigues Decl. ¶ 25 n.3.

**STANDARD OF REVIEW**

"The United States, as a sovereign, is immune from suit unless it has waived its immunity." *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) (emphasis added) (citing *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999)); *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). "When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." *United States v. Mottaz,* 476 U.S 834, 841 (1986) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The Administrative Procedure Act ("APA") provides a limited waiver of that sovereign immunity by consenting to judicial review of certain agency actions. 5 U.S.C. § 702.

The APA limits the scope of a court's review to whether an agency decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," in which case the court "shall . . . hold unlawful and set aside [the] agency action." 5 U.S.C. § 706(2)(A); *see also In re Clean Water Act Rulemaking*, 60 F.4th 583, 593 (9th Cir. 2023) (district court's may not vacate agency actions "without first holding the agency actions unlawful"). Federal courts cannot "intrude upon the domain which Congress has exclusively entrusted to an administrative agency." *Immigr. and Naturalization Serv. v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (quoting *Secs. and Exch. Comm'n v. Chenery Corp.*, 318 U.S. 80, 88 (1943)). A court is thus "not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." *Ventura*, 537 U.S. at 16 (quoting *Fla. Power & Light Co. v. Lorion,* 470 U.S. 729, 744 (1985)); *see Calcutt v. Fed. Deposit Ins. Corp.*, 598 U.S. 623, 629 (2023). Even if an agency's actions do not satisfy the APA requirements, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Fla. Power & Light Co.*, 470 U.S. at 744; *see also Calcutt*, 598 U.S. at 628–29.

Before a court reviews an agency's actions on the merits, an agency may request a remand of the matter to reconsider its decision for a variety of reasons. *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028–29 (Fed. Cir. 2001*); see also Cal. Cmtys. Against*

*Toxics v. Env't Prot. Agency*, 688 F.3d 989, 992 (9th Cir. 2012). Voluntary remands are "consistent with the principle that '[a]dministrative agencies have an inherent authority to reconsider their own decisions, since the power to decide in the first instance carries with it the power to reconsider.'" *Nat. Res. Def. Council, Inc. v. United States Dep't of Interior*, 275 F.Supp.2d 1136, 1141 (C.D. Cal. 2002) (quoting *Trujillo v. Gen. Elec. Co.*, 621 F.2d 1084, 1086 (10th Cir. 1981). Additionally, the deference that reviewing courts must give to administrative body "implies a greater latitude for reconsideration than in the case of district courts." *Ren v. Gonzales*, 440 F.3d 446, 448 (7th Cir. 2006).

If an agency seeks remand—without confessing error—in order to revisit its decision, a court should grant the request so long as the agency's concern is "substantial and legitimate." *SKF USA Inc.*, 254 F.3d at 1029. These reasons can include anything from concerns about the procedures followed to the decision's relationship to other agency's policies. *Id.*; *see Calif. Cmtys. Against Toxics*, 688 F.3d at 992 (approving voluntary remand where the agency "recognized" that its original reasoning was flawed and sought to explain its decision in an alternative manner); *Ren*, 440 F.3d at 448–49 (granting BIA's request to for remand without confessing error in order to reconsider asylum decision "in light of emerging case law"); *Neighbors Against Bison Slaughter v. Nat'l Park Serv.*, CV 19-128, 2021 WL 717094 (D. Mont. Feb. 5, 2021) (granting agency's request for remand so it could prepare additional environmental analysis based on changed circumstances since challenged rule's implementation). Although the district court has discretion to deny the request if it is "frivolous or in bad faith[,] . . . if the agency's concern is substantial and legitimate, a remand is usually appropriate." *SKF USA Inc.*, 254 F.3d at 1029; *see In re Clean Water Act Rulemaking*, 60 F.4th at 593; *N. Alaska Environ. Ctr. v. Haaland*, 3:20-CV-00187, 2022 WL 1556028, at *4 (D. Alaska May 17, 2022) (granting agency's request for remand where "merits have not been fully briefed, Federal Defendants have identified potential issues with the analyses underlying their original decisions, and they credibly assert that this reconsideration process may result in amendment of or outright reversal of those decisions"); *cf. Lutheran Church–Missouri Synod v. Fed.*

*Commc'n Comm'n,* 141 F.3d 344, 349 (D.C. Cir. 1998) (denying agency's "novel, last second motion to remand" after merits had been fully briefed and the remand request based solely on prospective policy statement that would not bind the agency).

Moreover, "[a]dministrative reconsideration is a more expeditious and efficient means of achieving an adjustment of agency policy than is resort to the federal courts." *B.J. Alan Co. v. ICC*, 897 F.2d 561, 562 n.1 (D.C. Cir. 1990) (quoting *Commonwealth of Pa. v. ICC*, 590 F.2d 1187, 1194 (D.C. Cir. 1978)) (alteration in *B.J. Alan Co.*). Voluntary remands have "the benefit of allowing 'agencies to cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete.'" *Util. Solid Waste Activities Grp. v. Env't Prot. Agency*, 901 F.3d 414, 436 (D.D.C. 2018) (quoting *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993)); *see In re Clean Water Act Rulemaking*, 60 F.4th at 593 (voluntary remands "conserve judicial resources by allowing agencies to correct their errors *before* courts reach merits determinations requiring them to do so"). "Generally speaking, a court . . . should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." *Ventura*, 537 U.S. at 16.

As relevant here, errors in an administrative record that prevent a reviewing court from properly evaluating an agency action make remand the "preferred course" so an agency may provide an explanation or cure the error. *Pension Benefit Guar. Corp. v. LTV Corp.*, 496 U.S. 633, 654 (1990); *see Util. Solid Waste Activities Grp.*, 901 F.3d at 436. Similarly, if the record is unclear as to what the agency relied upon in reaching its decision, a remand is appropriate. *Silva-Calderon v. Ashcroft*, 371 F.3d 1135, 1136 (9th Cir. 2004). In *Silva-Calderon*, the Ninth Circuit had initially dismissed the case because the petitioner had not exhausted his claims before the BIA. *Id.* Following that dismissal, however, the petitioner advised the Ninth Circuit that he had filed an administrative appellate brief raising those issues, but that brief had been inexplicably excluded from the record of proceedings. *Id.* The government looked into the claim and "determined that Petitioner did exhaust his administrative remedies by filing an appeal brief to the [BIA] . . . and that

the brief may not have been considered in the adjudication of the administrative appeal. The government attributed the oversight to 'an apparent clerical error." *Id.* (internal quotations omitted). Noting that it "remains a mystery why the [BIA's] certified administrative record does not reflect this document[,] . . . what is clear is that [the petitioner] should not be prejudiced by the [BIA's] apparent clerical error." *Id.* The Ninth Circuit remanded the case to the BIA "to correct the record of proceedings" and directed the agency "to address the additional arguments raised in [petitioner's] administrative appeal brief." *Id.* at 1137.

## ARGUMENT

Remand in this case is proper because the Defendant has identified substantial and legitimate concerns with the record relied upon by the BIA. The Defendant has a duty of candor to inform the BIA that the record upon which its decision was based did not include certain filings and inadvertently contained attorney work-product. Additionally, remand would conserve judicial resources and serve important jurisdictional interests.

As explained above, an agency may seek remand because it wishes to revisit the procedures it followed in reaching its decision, the decision's relationship to other agency policies, or the correctness of its decision. *SKF USA Inc.*, 254 F.3d at 1028–29. The Defendant seeks remand for these exact reasons. The Defendant has substantial and legitimate concerns that the BIA decided Plaintiff's appeal on a record it believed was complete but was, in fact, missing certain filings and also contained work-product. The Defendant intends to inform the BIA of discrepancies in the record and will take whatever steps the BIA deems necessary to cure the error. Rodrigues Decl. ¶ 29; Ex. 2, Declaration of Jill Anderson ("Anderson Decl.") ¶¶ 6–7.

In this case, a variety of unique and unusual factors converged to create an incomplete reconstruction of the record of proceedings. The lack of a docket in immigration court proceedings meant that Disciplinary Counsel could not check his recollection and saved filings against an official docket to ensure it was complete. Due to sudden procedural changes necessitated by the COVID-19 pandemic, filings during this

time were a combination of paper and electronic documents, but the official record was still required to be in paper form. Notably, on several occasions during pre-hearing conferences and Plaintiff's 5-day evidentiary hearing, the parties and the AO noted problems with receiving filings made by the parties and frequently referenced emailing copies directly to a party or the AO. Ex. 2 at USAO 00060–108. In short, the record in this case fell victim to a variety of unexpected and unusual challenges.

The declaration from Jill Anderson, General Counsel for EOIR, demonstrates that the Defendant has a substantial and legitimate concern about the record of proceedings that was provided to the BIA and has a good-faith commitment to remedying any possible errors. *See* Anderson Decl. ¶¶ 6–7. The Defendant intends to inform the BIA "of the manner in which the record on appeal was created, the missing records, and the attorney work-product issues." *Id.* ¶ 6; Rodrigues Decl. ¶ 29. Disciplinary Counsel intends to confer with Plaintiff's counsel to ensure the record is complete. Rodrigues Decl. ¶ 29. The Defendant intends to follow any steps that the BIA deems appropriate to address the prior record of proceedings. Anderson Decl. ¶ 16; Rodrigues Decl. ¶ 29. Given the unique and unusual circumstances that occurred in this case, just as in *Silva-Calderon*, 371 F.3d at 1136, this Court should remand the case to the BIA so that it may address these issues in the first instance. *See Silva-Calderon*, 371 F.3d at 1137; *see also Shakeproof Assembly Components Div. of Ill. Tool Works, Inc. v. United States*, 412 F. Supp. 2d 1330, 1336–37 (Ct. Int'l Trade 2005) ("[T]he need for an agency to adequately address a seeming departure from past practice—irrespective of the cause of such departure—is itself a significant concern weighing in favor of voluntary remand.").

Moreover, deferring to the BIA's decision-making authority promotes important jurisdictional interests. A remand acknowledges that authority for disciplining practitioners in immigration courts is delegated expressly to the BIA. 8 C.F.R. § 1003.1(b)(13); *see Yang*, 227 F.3d at 162 ("Remand to the [BIA] recognizes that [it] is the adjudicative body having primary responsibility and experience in" immigration court matters.). The BIA "can bring its expertise to bear upon the matter; it can evaluate the

evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides." *Ventura*, 537 U.S. at 17. Allowing the administrative process to run its course on a corrected record will allow the BIA to "crystalliz[e]" its decision on a corrected record before that decision is subjected to judicial review, *Wyo. Outdoor Council v. U.S. Forest Serv.*, 165 F.3d 43, 49 (D.C. Cir. 1999), thus avoiding "inefficient" and unnecessary "piecemeal review," *Pub. Citizen Health Rsch. Grp. v. Comm'r, Food & Drug Admin.*, 740 F.2d 21, 30 (D.C. Cir. 1984) (citation and internal quotation marks omitted). Under the circumstances presented in this case, this Court should not prematurely intrude on the domain "exclusively entrusted" to the BIA by Congress. *See Ventura*, 537 U.S. at 16.

Additionally, granting remand here promotes judicial economy and conserves the parties' and the courts' resources. *In re Clean Water Act Rulemaking*, 60 F.4th at 593. There is no dispute that the record relied upon by the BIA did not include all filings and contained work-product. Accordingly, the BIA should be allowed to address the record issue before taking up the parties' and this Court's valuable time and resources. *See Util. Solid Waste*, 901 F.3d at 436. Allowing the parties to correct the record, inform the BIA of the procedural deficiencies, and then proceed with whatever steps the BIA deems necessary to address the record issues allows the administrative process to complete before involving this court. Indeed, the BIA may decide to amend or entirely vacate its prior decision, potentially rendering future litigation unnecessary.

Further, Plaintiff will not be prejudiced by remand. *See Util. Solid Waste Activities Grp.*, 901 F.3d at 436 (considering "whether remand would unduly prejudice the non-moving party"). Plaintiff has indicated that she may request that this court suspend the imposition of her sanctions pending judicial review. (Doc. 37.) Although the Ninth Circuit recently explained that the district court lacks authority to vacate or otherwise stay the imposition of sanctions upon remand to the agency, the Plaintiff is not without remedy if this matter is remanded. *See In re Clean Water Rulemaking*, 60 F.4th at 588. Upon remand,

she may request that the BIA suspend the sanctions pending its review of this matter. Anderson Decl. ¶ 6.  Plaintiff will thus be in the same position as she would be in this Court—asking for a stay of her sanction pending further review.

Accordingly, remand is warranted because the Defendant has identified issues with the record that are substantial and legitimate, the Defendant is committed to taking further action with respect to the original BIA decision, and this request is timely and not made in bad faith.  *Cal. Cmtys. Against Toxics*, 688 F.3d at 992; *see N. Alaska Env't Ctr.*, 3:20-CV-00187, 2022 WL 1556028, at *4.

## CONCLUSION

The Defendant has identified a substantial and legitimate concern with the record of proceedings in this case.  As the administrative agency charged with disciplining immigration court practitioners, the BIA should have the first opportunity to revisit its decision on a corrected record *before* that decision is potentially subject to review by a federal district court.  The decision to remand this case in order to inform the BIA and allow it to determine what steps are necessary is eminently reasonable under these circumstances.  Moreover, because Plaintiff may seek the same remedy before the BIA as she intends to seek in this court, she will not be prejudiced by the remand.  Defendant therefore respectfully requests that this Court remand the matter to the agency and dismiss this case without prejudice.

Respectfully submitted this 29th day of February, 2024.

> GARY M. RESTAINO
> United States Attorney
> District of Arizona
>
> *s/Kaitlin S. Hollywood*
> KAITLIN S. HOLLYWOOD
> Assistant U.S. Attorney
> *Attorneys for Defendant Merrick Garland In his official capacity as United States Attorney General*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 29, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

William G. Walker
Law Offices of William G. Walker, PC
1316 E. Broadway Blvd.
Tucson, AZ  85719
*Plaintiff's Attorney*

*s/L. Conlisk*