# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Margaret Cowan,<br>        Plaintiff,<br><br>-vs-<br><br>Board of Immigration Appeal, et al.,<br>        Defendants. | CV 23-00327-TUC-JAS<br><br>**DECLARATION OF PAUL RODRIGUES** |

I, PAUL RODRIGUES, do declare and state the following:

**Background and Experience**

1. I am the Disciplinary Counsel for the Executive Office for Immigration Review ("EOIR"), Office of the General Counsel. I have served in this role since November 2018. The regulations governing the role of the Disciplinary Counsel, and the rules and procedures for disciplinary proceedings, are set forth at 8 C.F.R. part 1003, subpart G. These regulations were last amended on September 14, 2022. *See* 87 FR 56247. Prior to serving as Disciplinary Counsel, I was an Assistant Disciplinary Counsel from October 2016 to November 2018, and an Associate General Counsel from August 2011 to September 2016. I began my career with EOIR in June of 2010 as an Attorney Advisor with the Board of Immigration Appeals ("BIA").

2. In my role as Disciplinary Counsel, I oversee the investigation of complaints involving alleged misconduct by practitioners (as defined at 8 C.F.R.§ 1001.1(ff)) before EOIR's immigration courts and the BIA to determine whether the practitioners have engaged in criminal, unethical, or unprofessional conduct, or in frivolous behavior. My role is analogous to that of a state bar prosecutor in that I am tasked by EOIR with investigating alleged misconduct and determining whether to dismiss complaints, to resolve complaints informally through

confidential discipline, or to institute formal disciplinary proceedings. Additionally, as an attorney in the Office of the General Counsel, I work on other matters as assigned, including drafting regulations and providing advice to EOIR components, including the BIA and the Office of the Chief Immigration Judge ("OCIJ").

3. In my role as Disciplinary Counsel, pursuant to 8 C.F.R. § 1003.104(b), I may investigate professional misconduct based on complaints from immigration judges, the BIA, other state or federal agencies, or the public, or on my own initiative. Immigration judges typically report unethical or unprofessional conduct, or frivolous behavior that they have observed in their courtrooms or in documents filed with the court, and the BIA typically reports the same type of misconduct that is observed in filings made with the BIA.

4. As Disciplinary Counsel, I have the authority to informally resolve complaints of substantiated misconduct without the initiation of formal disciplinary proceedings through the issuance of confidential discipline, pursuant to 8 C.F.R. § 1003.104(c). Informal confidential discipline may be in the form of a warning letter or informal admonition, or an agreement with the practitioner in lieu of discipline, and is confidential pursuant to 8 C.F.R. § 1003.108(b). Confidential discipline is a tool that I can use to educate practitioners and deter future misconduct.

5. In my role as Disciplinary Counsel, I do not have the authority to impose formal sanctions for violations of the professional conduct rules. Pursuant to regulation, adjudicating officials and the BIA have the authority to impose formal disciplinary sanctions upon a practitioner for a finding that the practitioner has violated the rules of professional conduct "if it is in the public interest to do so," *e.g.* for criminal, unethical or unprofessional conduct, or frivolous behavior, as set forth in 8 C.F.R. § 1003.102. As described in 8 C.F.R. § 1003.101(a),

1 formal sanctions can include disbarment, suspension, private or public censure, or
2 such other disciplinary sanctions as deemed appropriate.
3    6.   As Disciplinary Counsel, I do not have authority to investigate
4 disciplinary complaints with respect to conduct that takes place before the
5 Department of Homeland Security ("DHS"); however, I may refer any complaint I
6 receive about such conduct to the DHS Disciplinary Counsel. Additionally, I may
7 join a prosecution initiated by the DHS Disciplinary Counsel so that any sanction
8 that prohibits a practitioner from practice before DHS would equally prohibit the
9 practitioner from practice before the immigration courts and the BIA. 8 C.F.R.
10 §§ 1003.110(c), 1003.105(b).
11    7.   I also coordinate with EOIR's Fraud and Abuse Prevention Counsel
12 regarding the discipline of attorneys or accredited representatives who commit,
13 enable, or induce fraud. *See* 8 C.F.R. § 1003.0(e)(2) (directing EOIR's anti-fraud
14 officer to "[s]erve as a point of contact relating to concerns about possible fraud,"
15 "[c]oordinate with investigative authorities," and "[n]otify the EOIR disciplinary
16 counsel and other appropriate authorities with respect to instances of fraud,
17 misrepresentation, or abuse pertaining to an attorney or accredited
18 representative."). If a complaint I receive contains allegations of fraud and/or the
19 unauthorized practice of law, I coordinate handling of the complaint with the
20 Fraud and Abuse Prevention Counsel to assess whether individuals are in fact
21 practitioners subject to the EOIR Rules of Professional Conduct, and in light of
22 potential criminal investigations with which the Fraud and Abuse Prevention
23 Program might assist.

24 **Matter of Mary M. Cowan**

25    8.   Associate General Counsel Casey Martinez and I primarily handled
26 the investigation and prosecution of Ms. Cowan.
27    9.   On May 14, 2018, Mr. Martinez sent Ms. Cowan a preliminary
28 inquiry letter, outlining the complaints our office had received and the rules of

3

professional conduct that may have been violated, and requested her response to the allegations. On or about September 19, 2018, Ms. Cowan submitted a written response to the allegations. On August 15, 2019, I filed a Notice of Intent to Discipline against Ms. Cowan with the BIA, seeking a two-year suspension for her conduct.

10. Ms. Cowan filed an answer and requested a hearing. On October 31, 2019, the BIA referred the case to OCIJ for the appointment of an adjudicating official and a hearing. An adjudicating official, Immigration Judge Munish Sharda, was appointed on March 10, 2020.

11. On May 15, 2020, Judge Sharda held a pre-hearing conference in which he scheduled the case for a hearing to begin on September 21, 2020. Judge Sharda also set various deadlines for the parties to file motions, briefs, and evidence prior to the hearing. Pursuant to that order, both parties filed numerous documents.

12. As the case before Judge Sharda occurred during the COVID-19 pandemic, new procedures for conducting the case were instituted. These procedures differed from prior procedures in disciplinary proceedings, although they are now standard for disciplinary proceedings. Filings were required to be filed with the Adjudicating Official by mailing to a specific OCIJ address, but the parties had to also email filings to a specific OCIJ staff member. Additionally, the evidentiary hearing, which in the past had been conducted in-person with all the parties present before the Adjudicating Official, was conducted via WebEx. Judge Sharda appeared from his courtroom at the Phoenix Immigration Court, Mr. Martinez and I appeared together from a conference room at EOIR headquarters, and Ms. Cowan, her counsel, and both parties' witnesses appeared from the Tucson Immigration Court.

13. From September 21, 2020, through September 25, 2020, an evidentiary hearing was held in the case. Our office and Ms. Cowan each had the

opportunity to present opening statements, examine and cross-examine witnesses, and present closing arguments.

14.   On December 8, 2020, Judge Sharda issued a written decision in which he found by clear and convincing evidence that Respondent violated 8 C.F.R. § 1003.102(j) (frivolous behavior) 10 times, 8 C.F.R. § 1002.102(n) (conduct prejudicial to the administration of justice) 24 times, 8 C.F.R. § 1003.102(o) (competence) 23 times, and 8 C.F.R. § 1003.102(q) (diligence) 24 times.  Judge Sharda found that Ms. Cowan's conduct warranted disciplinary sanctions and ordered that she be suspended indefinitely, but no less than 5 years.

15.   On or about January 5, 2021, Ms. Cowan, though counsel, timely appealed, which stayed the order of suspension pending the appeal.  On April 6, 2021, the BIA sent the parties a notice acknowledging receipt of the appeal.

16.   On April 15, 2021, I received an email from Subha Chennubhotla, a Program Specialist, at the BIA Clerk's Office.  Ms. Chennubhotla stated:

> Hi Paul,
>
> Would it be possible for you to give us copies of PIS [Petition for Immediate Suspension],[1] NID [Notice of Intent to Discipline], BIA decisions and any other correspondence which you might have received from the [BIA] or the practitioner on Cowan's case?  It appears that we lost that file somewhere, checked with IJ as well but none of them seem to have it.  I am trying to reconstruct the lost file.

I responded back that same day:

> Will do.  It will likely be in multiple emails or I'll try to see if I can send through Teams.  I may have to shrink the size of some of the PDFs because they are big.

Ms. Chennubhotla responded:

> Thank you, sorry for the trouble.

---

[1] No Petition for Immediate Suspension was filed in this matter because such petitions are only filed in in cases seeking reciprocal discipline or discipline based on a criminal conviction.

5

17. On June 8, 2021, Ms. Chennubhotla sent me an email with the briefing schedule and the hearing transcript. In response to that email, I stated:

> Thanks. Subha, I still owe you more documents so that you can re-create the record, unless OCIJ found the record.

Ms. Chennubhotla responded:

> We are depending on you. No luck with OCIJ. Thanks.

18. On August 3, 2021, Ms. Chennubhotla sent me the following email:

> Whenever you have time, please forward me the remaining documents for Cowan's case. Sorry to trouble you.

I responded:

> Will do. I'll try to get everything to you by the end of the week. I'll send it to you via Teams like I did before.

19. A true and accurate copy of these emails is attached as Exhibit A.

20. Between April 15, 2021, and on or about August 3, 2021, I attempted to provide Ms. Chennubhotla with each party's filings and any orders and decisions in Ms. Cowan's case, from the filing of the Notice of Intent to Discipline on August 15, 2019, through Judge Sharda's December 8, 2020 decision.[2] Because proceedings before EOIR, whether immigration proceedings or disciplinary proceedings, do not have case dockets listing filings, orders, and

---

[2] After Ms. Cowan filed her appeal, I had other email communications with Ms. Chennubhotla because of issues that arose. On April 15, 2021, Ms. Chennubhotla provided me with a copy of the briefing schedule and hearing transcript. Upon review of the transcript, I discovered that the proceedings had not been fully transcribed, as the September 21-25 hearings were not included. In response, on April 20, 2021, the BIA sent Ms. Cowan's counsel and me a notice that briefing schedule had been suspended. On June 8, 2021, Ms. Chennubhotla provided me with a copy of the updated briefing schedule and the revised hearing transcript. Subsequently, Ms. Cowan's counsel contacted me and informed me that the revised hearing transcript was missing pages 521-558. On June 21, 2021, I emailed Ms. Chennubhotla, copying Ms. Cowan's counsel, notifying Ms. Chennubhotla about the issue and asking that she reset the briefing schedule to ensure that Ms. Cowan's counsel had additional time to file a brief after the transcript was corrected. On June 22, 2021, Ms. Chennubhotla provided the parties with an updated transcript and briefing schedule.

decisions chronologically in a case, I had to re-produce the record by going through the case history via my electronic disciplinary files, emails, and memory.

21. Our electronic disciplinary file for Ms. Cowan's case is not organized chronologically; it is organized and divided into subfolders to account for, *inter alia*, different stages of the case and type of documents or filings. The electronic case file for Ms. Cowan's case included draft documents prepared by our office, as well as portable document formats ("PDFs") of filings, orders, and decisions. Some of these PDFs were scanned copies of hard copy documents, such as our preliminary inquiry letter to Ms. Cowan and Ms. Cowan's answer to the Notice of Intent to Discipline, as the originals were mailed among the parties. These original hard copy documents were scanned so that we would have an electronic copy of all records in the case.

22. In my Outlook email, I created a subfolder for Ms. Cowan's case that included email communications between the parties, emails concerning filings before the Adjudicating Official by either party, when such email filings became permitted, and orders and decisions of the Adjudicating Official. This subfolder did not necessarily include every email related to the case.

23. Based on our electronic disciplinary file, my emails about Ms. Cowan's case, and my memory, I attempted to provide Ms. Chennubhotla with all the filings, orders, and decisions in chronological order. I provided the records to Ms. Chennubhotla through Microsoft Teams, as this was the easiest way to transmit large files. Because I provided Ms. Chennubhotla with individual records from the case, I was not aware of how many pages of records I provided her.

24. At the end of providing the records to Ms. Chennubhotla, I believed I had provided her with all the filings, orders, and decisions such that she had a complete reconstruction of the record. I have no knowledge about how Ms. Chennubhotla used the records I provided her to re-create the record of proceedings, or whether she included all the records I provided to her. Following

7

1 my final transmission of documents to Ms. Chennubhotla through Microsoft Teams, I had no further discussions with her regarding the record of proceedings.

25. On August 10, 2021, Ms. Cowan, through counsel, filed her appellate brief with the BIA. On September 9, 2021, Mr. Martinez and I filed our response brief. On July 5, 2023, the BIA issued its decision, dismissing Ms. Cowan's appeal but reducing her suspension to 2 years.[3] Ms. Cowan's two-year suspension went into effect on July 22, 2023.

26. Ms. Cowan, through counsel, subsequently filed suit against the BIA in the United States District Court for the District of Arizona.

27. The BIA produced the certified administrative record ("CAR") from Ms. Cowan's disciplinary case before EOIR for disclosure in the District Court case. After the BIA's production of the CAR, I learned for the first time that the documents I provided inadvertently contained a document with Mr. Martinez's work product[4] and was missing certain documents filed by the Government, including the DHS motion to join for reciprocal discipline and the motion to deem factual allegations admitted.

28. Upon learning about these issues, I recalled the circumstances that led to my involvement in the re-creation of the record of proceedings for the appeal before the BIA. I realized that Mr. Martinez's work product was included on the document provided to the BIA because I inadvertently sent Ms. Chennubhotla a copy of my office's marked-up version of the document.

29. If the Court grant's the government's motion for voluntary remand, I plan to notify the BIA of the record issues described above and confer with Ms. Cowan's counsel in an effort to correct the record. I further intend to follow

_____

[3] On July 7, 2023, the BIA issued an amended decision to correct an issue in the caption and add page numbers.
[4] Mr. Martinez's work product or deliberations were on notes scanned onto our office's hard copy of Ms. Cowan's answer to the Notice of Intent to Discipline, which we received by mail.

8

whatever steps the BIA deems necessary to address the prior record of proceedings in Ms. Cowan's appeal.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 29th day of February, 2024.

PAUL RODRIGUES
Digitally signed by PAUL RODRIGUES
Date: 2024.02.29 11:47:35 -05'00'

Paul Rodrigues
Disciplinary Counsel
Executive Office for Immigration Review

# EXHIBIT A

| | |
|---|---|
| **From:** | Chennubhotla, Subhadra (EOIR) |
| **Sent:** | Thursday, April 15, 2021 10:41 AM |
| **To:** | Rodrigues, Paul A. (EOIR) |
| **Subject:** | RE: Re: Cowan Mary D2017-0363 |

Thank you, sorry for the trouble.

Subha

**From:** Rodrigues, Paul A. (EOIR) <Paul.A.Rodrigues@usdoj.gov>
**Sent:** Thursday, April 15, 2021 1:38 PM
**To:** Chennubhotla, Subhadra (EOIR) <Subhadra.Chennubhotla@usdoj.gov>
**Subject:** RE: Re: Cowan Mary D2017-0363

Will do. It will likely be in multiple emails or I'll try to see if I can send through Teams. I may have to shrink the size of some of the PDFs because they are big.

Paul A. Rodrigues
Disciplinary Counsel
Office of the General Counsel
Executive Office for Immigration Review
Department of Justice
5107 Leesburg Pike
Suite 2600, Room 2658
Falls Church, Virginia 22041
(703) 305-0879
Paul.A.Rodrigues@usdoj.gov

**From:** Chennubhotla, Subhadra (EOIR) <Subhadra.Chennubhotla@usdoj.gov>
**Sent:** Thursday, April 15, 2021 1:20 PM
**To:** Rodrigues, Paul A. (EOIR) <Paul.A.Rodrigues@usdoj.gov>
**Subject:** Re: Cowan Mary D2017-0363

Hi Paul,

Would it be possible for you to give us copies of PIS, NID, Board decisions and any other correspondence which you might have received from the Board or the practitioner on Cowan's case? It appears that we lost that file somewhere, checked with IJ as well but none of them seem to have it. I am trying to reconstruct the lost file.

Thank you,
**Subha Chennubhotla**
Program Specialist
EOIR/BIA/CO
Ph# 703-305-0157
Fax# 703-305-9887

| | |
|---|---|
| **From:** | Chennubhotla, Subhadra (EOIR) |
| **Sent:** | Tuesday, June 8, 2021 8:51 AM |
| **To:** | Rodrigues, Paul A. (EOIR); O'Connell, Catherine M <Catherine.M.O'Connell@uscis.dhs.gov> (Catherine.M.O'Connell@uscis.dhs.gov) |
| **Cc:** | Gdoura, Fatma (EOIR) (CTR) |
| **Subject:** | RE: Briefing Schedule - COWAN |

We are depending on you. No luck with OCIJ. Thanks.

Subha

---

**From:** Rodrigues, Paul A. (EOIR) <Paul.A.Rodrigues@usdoj.gov>
**Sent:** Tuesday, June 8, 2021 11:43 AM
**To:** BIA Attorney Discipline (EOIR) <BIA.AttorneyDiscipline@EOIR.USDOJ.GOV>; O'Connell, Catherine M <Catherine.M.O'Connell@uscis.dhs.gov> (Catherine.M.O'Connell@uscis.dhs.gov) <Catherine.M.O'Connell@uscis.dhs.gov>
**Cc:** Gdoura, Fatma (EOIR) (CTR) <Fatma.Gdoura@EOIR.USDOJ.GOV>; Chennubhotla, Subhadra (EOIR) <Subhadra.Chennubhotla@usdoj.gov>
**Subject:** RE: Briefing Schedule - COWAN

Thanks. Subha, I still owe you more documents so that you can re-create the record, unless OCIJ found the record.

Paul A. Rodrigues
Disciplinary Counsel
Office of the General Counsel
Executive Office for Immigration Review
Department of Justice
5107 Leesburg Pike
Suite 2600, Room 2658
Falls Church, Virginia 22041
(703) 305-0879
Paul.A.Rodrigues@usdoj.gov

**From:** BIA Attorney Discipline (EOIR) <BIA.AttorneyDiscipline@EOIR.USDOJ.GOV>
**Sent:** Tuesday, June 8, 2021 10:11 AM
**To:** Rodrigues, Paul A. (EOIR) <Paul.A.Rodrigues@usdoj.gov>; O'Connell, Catherine M <Catherine.M.O'Connell@uscis.dhs.gov> (Catherine.M.O'Connell@uscis.dhs.gov) <Catherine.M.O'Connell@uscis.dhs.gov>
**Cc:** Gdoura, Fatma (EOIR) (CTR) <Fatma.Gdoura@EOIR.USDOJ.GOV>
**Subject:** RE: Briefing Schedule - COWAN

Good morning,

Please find attached briefing schedule and the hearing transcript.

Thank you,
Subha

| | |
|---|---|
| **From:** | Chennubhotla, Subhadra (EOIR) |
| **Sent:** | Tuesday, August 3, 2021 7:04 AM |
| **To:** | Rodrigues, Paul A. (EOIR) |
| **Cc:** | Prailow, Lacje (EOIR) (CTR) |
| **Subject:** | RE: Re: Cowan |

Thanks.

Subha

**From:** Rodrigues, Paul A. (EOIR) <Paul.A.Rodrigues@usdoj.gov>
**Sent:** Tuesday, August 3, 2021 9:59 AM
**To:** Chennubhotla, Subhadra (EOIR) <Subhadra.Chennubhotla@usdoj.gov>
**Cc:** Prailow, Lacje (EOIR) (CTR) <Lacje.Prailow@usdoj.gov>
**Subject:** RE: Re: Cowan

Will do. I'll try to get everything to you by the end of the week. I'll send it to you via Teams like I did before.

Paul A. Rodrigues
Disciplinary Counsel
Office of the General Counsel
Executive Office for Immigration Review
Department of Justice
5107 Leesburg Pike
Suite 2600, Room 2658
Falls Church, Virginia 22041
(703) 305-0879
Paul.A.Rodrigues@usdoj.gov

**From:** Chennubhotla, Subhadra (EOIR) <Subhadra.Chennubhotla@usdoj.gov>
**Sent:** Tuesday, August 3, 2021 9:57 AM
**To:** Rodrigues, Paul A. (EOIR) <Paul.A.Rodrigues@usdoj.gov>
**Cc:** Prailow, Lacje (EOIR) (CTR) <Lacje.Prailow@usdoj.gov>
**Subject:** Re: Cowan

Good morning Paul,

Whenever you have time, please forward me the remaining documents for Cowan's case. Sorry to trouble you.

Thank you,
**Subha Chennubhotla**
Program Specialist
EOIR/BIA/CO
Ph# 703-305-0157
Fax# 703-305-9887