WILLIAM G. WALKER, P.C.
1316 E. Broadway Blvd.
Tucson, AZ 85719
William G. Walker SBN 005361
wgwpc@aol.com
assistant@wgwatty.com
Telephone: (520) 622-3330
*Attorney for Plaintiffs*

IN THE DISTRICT COURT FOR THE STATE OF ARIZONA,
DISTRICT OF TUCSON

| | |
|---|---|
| Mary Margaret Cowan, | CASE NO.: 4:23-cv-00327-JAS |
|  | BIA Disciplinary No. D2017-0360 |
| Plaintiff, |  |
|  | PLAINTIFF'S RESPONSE IN |
| Vs. | OPPOSITION TO DEFENDANTS' |
|  | MOTION FOR VOLUNTARY |
| Board of Immigration Appeals, *et,al.*, | REMAND |
| Defendants. |  |

Plaintiff, by and through counsel undersigned, does herby submit her Response to Defendants' Motion for Voluntary Remand as follows:

## I.
## INTRODUCTION

**Defendants' Motion For Voluntary Remand Is Disingenuous At Best.**

Defendants' motion and attached exhibits do not even allege that a remand is necessary for "substantial and legitimate" reasons, as required for such remand. Moreover, a remand in this case would be inefficient, unnecessary and would deprive the Plaintiff of an opportunity to have judicial review prior to a determination of this matter.

1

Finally, if this Court is to remand the case, it should do so only after exercising its jurisdiction to delay the further imposition of the sanctions against Plaintiff pending a final judicial determination.

Remand by this Court and a continuation of the sanctions against her would be punitive in effect without achieving any worthwhile goal. It would provide irreparable harm to the community that she suffers and she would have no adequate remedy at law because the sanctions would be completed before judicial review.

## II.
**Defendants Have Completely Failed to Justify the Significance of a Remand to The Decisions Confronting This Court.**

In a 14-page brief with mountains of exhibits, the Defendants have made a motion for voluntary remand, citing only that the "record of proceedings" was misplaced and recreated while Plaintiff's appeal before the BIA was pending, and the reconstruction inadvertently included attorney-work product and omitted certain filings." *See generally* Defendants' Motion for Voluntary Remand.

1.  Absent from any of the papers filed by Defendants is any indication that the parts of the record of proceedings that were allegedly misplaced were essential to either the evidence presented or the decisions rendered by Article I Administrative Groups below or this Court. Nowhere does the government allege that the "work product" that was "inadvertently included" needs to be excised now or that its inclusion initially was prejudicial.

2

2.  As to the additional "omitted …. Filings", the government does not indicate: (1) How these could be reconstructed, or (2) that their reconstruction might be important to the decisions made administratively or by this judicial court.

The record that has been prepared and was initially relied upon by both parties to brief the issues before the administrative panel and then to allow fillings with this Court **_without objection_**, now argue for a remand without stating either the necessity or the legitimacy to remand. We are left to wonder concerning these essential elements. See, e.g., *SKF USA Inc., v. United States*, 254 F.3d 1022, 1029 (Fed. Cir., 2001), (District Court declares discretion to remand only if the court finds it "necessary and legitimate.").

In this situation, the reviewing court has the discretion as to whether or not to remand. *Id.; Southwestern Bell TELCO. v. Federal Communications Commission*, Fed. F.3d 892, 896 (DC Circuit, 1993).

A review of the transcripts and the record that is before this Court and the arguments made by counsel to both affirm and reverse the administrative decisions below, do not rely on what might be produced by a remand. This was a hearing that lasted the better part of a week, without any witness whose testimony was not adequately described. The briefs of counsel, the pretrial hearings, and every other important issue before this Court may be decided without a remand which would be, given the indications in Defendants' opening Memorandum, unnecessary.  *See generally* the Record on Appeal.

### III.

**A Remand Without The Court Exercising Jurisdiction To Stay Sanctions Against Plaintiff Would Delay Unnecessarily A Judicial Decision In This Case.**

Defendants' pleadings give no firm indication that administrative remand would save time and/or efficiency. The original decision by the Administrative Court took many months to determine and ruled firmly against Plaintiff although reducing the ridiculous sanctions imposed by the initial Immigration Judge from indefinite to two (2) years with the opportunity to reapply after one (1) year.

Counsel is aware that asylum cases before the Administrative Appeals Court can take as long as six (6) years to determine. Without any statistics as to how long it would take the Administrative Court to rule, Defendants blithely state that it would be more efficient.

The government suggests, without citing any specific evidence or argument, that: "remand would additionally conserve the parties and this Court's time and resources."

They make no claim as to any material advantage which would be gained by remanding to the same administrative body from which this appeal is taken.

The administrative court to which this remand would be made as a 6-year backlog on asylum cases, and there is no telling when they might make a decision. There is also no indication from the government that they would reach a decision or that a remand is necessary for the full and fair development of the issues in this case. [1]

---

[1] Simultaneously herewith, Plaintiff is filing a motion for this Court to delay further imposition of the sanctions against Plaintiff pending judicial review. At this point, this Court does have jurisdiction to issue such an order. This would be a win-win as it would allow the government the time to reconstruct the record and allow Plaintiff to continue with her work. Under the Administrative Procedures Act, only irreparable harm that needs to be shown, which is covered under that motion, is irreparable harm to the community if Plaintiff is not permitted to run her clinic which services hundreds of clients at a time.

## IV
**A Remand By This Court Would Sound The Death Knell For Plaintiff Cowan's Right To Challenge Judicially Her Sanctions**

As a practical matter, a voluntary remand by this Court, in addition to depriving her clients at Keep Tucson Together with free legal counsel and the thousands of cases that have been processed properly through her office, a remand would then deprive this Court of jurisdiction to delay the imposition of the rest of her sanctions pending judicial review.

The Administrative Procedures Act 5 U.S.C., §§ 700, *et.seq.*, permits this Court to issue a discretionary stay in Plaintiff's period of suspension.

## CONCLUSION

This case has already been through administrative appeals, an appeal to this Court with specific issues being raised by Plaintiff and no objection by Defendants.

Now, after no party has indicated that the record needed reconstruction to reach any of the necessary results in this case, the Defendants raises this in an effort to prevent this Court from making rulings at the judicial level.

There has been no ***necessity or legitimacy*** cited by the Defendants that would justify any remand in this case. No remand should be given and the Court should stay the execution of any sanctions against the Plaintiff pending judicial review.

Respectfully submitted this 14th day of March, 2024.

          WILLIAM G. WALKER, P.C.

          /s/ William G. Walker
          William G. Walker
          SBN: 0005361
          1316 E. Broadway Blvd.
          Tucson, AZ 85719

(520) 622-3330
Bill@wgwatty.com
assistant@wgwatty.com

## CERTIFICATE OF SERVICE

I hereby certify that on, the 14th day of March, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of Electronic filing to the following CM/ECF registrants.

Gary M. Restaino
Kaitlin S. Hollywood
United States Attorney's Office
District of Arizona
405 W. Congress Street, Suite 4800
Tucson, AZ 85701-5040
Attorneys for Merrick Garland
In his official capacity as United States Attorney General

By: /s/ <i>Lauren A. Bryant</i>