IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Margaret Cowan,<br><br>Plaintiff,<br><br>v.<br><br>Board of Immigration Appeals, et al.,<br><br>Defendants. | No. CV-23-00327-TUC-JAS<br><br>**ORDER** |

Plaintiff brought this action under the Administrative Procedures Act to reverse a disciplinary decision of the Board of Immigration Appeals ("BIA"). Per the BIA's decision, Plaintiff was barred from practicing before immigration courts for two years. Pending before the Court is the government's[1] Motion for Voluntary Remand (Doc. 39), Plaintiff's Response (Doc. 41), and the government's Reply (Doc. 48). Also before the Court is Plaintiff's second Motion to Delay Imposition of Disciplinary Sanctions (Doc. 42), the government's Response (Doc. 49), and Plaintiff's Reply (Doc. 53). For the reasons set forth below, the Court denies Plaintiff's motion and grants the government's motion.

**I.**

Plaintiff has twice sought preliminary injunctive relief from the BIA's decision. First, in her Ex Parte Motion for Suspension of Disciplinary Sanctions (Doc. 8), and

---

[1] The BIA, Attorney General Merrick Garland, and the United States of America are all named defendants in this case. The Court will refer to the "government" as though it were the only defendant in this case and will refer to the BIA only when necessary.

1  second, in her Motion to Delay Imposition of Disciplinary Sanctions (Doc. 11), which
2  was refiled with superficial changes as Plaintiff's second Motion to Delay Imposition of
3  Disciplinary Sanctions (Doc. 42).[2] The Court denied Plaintiff's first motion (Doc. 8)
4  because she failed to make arguments speaking to each required elements for preliminary
5  injunctive relief. *See* Doc. 9. The Court denies Plaintiff's subsequent motion (Doc. 42) on
6  the same ground.

7  "A preliminary injunction is an extraordinary remedy never awarded as of right."
8  *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). A plaintiff seeking a
9  preliminary injunction must show (1) that [they are] likely to succeed on the merits, (2)
10 that [they are] likely to suffer irreparable harm in the absence of a preliminary injunction,
11 (3) that the balance of equities tips in [their] favor, and (4) that an injunction is in the
12 public interest. *Id.* at 20; *see also* Fed. R. Civ. P. 65. "The basic function of a preliminary
13 injunction is to preserve the status quo pending a determination of the action on the
14 merits." *Chalk v. U.S. Dist. Ct. Cent. Dist. of Cal.*, 840 F.2d 701, 704 (9th Cir. 1988).
15 Courts apply the same four factors from *Winter* when assessing stays under § 705 of the
16 Administrative Procedures Act. *Hsiao v. Stewart*, 527 F. Supp. 3d 1237, 1248 (D. Haw.
17 2021); *see Pennsylvania v. DeVos*, 480 F. Supp. 3d 47, 58 (D.D.C. 2020) (*Winter* factors
18 "also govern the issuance of a stay under Section 705 of the APA"); *State v. U.S. Env't*
19 *Prot. Agency*, 989 F.3d 874, 883 (10th Cir. 2021); *Cook Cty., Ill. v. Wolf*, 962 F.3d 208,
20 221 (7th Cir. 2020).

21 Plaintiff does not argue *any* of the four *Winter* factors compel this Court to grant
22 preliminary injunctive relief. In fact, Plaintiff does not cite *Winter* in her motion. Instead,
23 Plaintiff argues (1) the Court has discretion to suspend disciplinary action, (2) that doing
24 so would be "in the interests of justice," (3) that some immigration judges did not
25 "facilitate a dialogue" with Plaintiff before making formal complaints about Plaintiff's
26 conduct, and (4) that many community members believe Plaintiff's work helps the
27 community.

28

---

[2] Upon refiling, the motion filed at Doc. 11 was mooted.

None of these arguments speak directly to any of the *Winter* elements. If one squints, some arguments might indirectly refer to certain elements, but it is not this Court's job to conjure a coherent argument from Plaintiff's motion. The Court notes that in its order denying Plaintiff's first request for preliminary injunctive relief the Court cited *Winter*, listed the four factors, and denied Plaintiff's motion because "Plaintiff must establish each of the four preliminary injunction [*Winter*] factors, and has failed to do so." Doc. 9 at 2. The current motion was filed nearly eight months later, yet at no point did Plaintiff heed this Court's ruling and make any substantive revisions to her argument.

## II.

The government has filed a Motion for Voluntarily Remand, asking the Court to remand this case to the BIA for reconsideration. Doc. 39. The government argues the administrative record before the BIA was defective because it lacked certain documents that should have been included and included certain privileged documents that should have been omitted. The government therefore seeks remand so the BIA may correct errors to the administrative record and revisit its decision. Plaintiff argues the documents at issue would not affect the outcome of the BIA's disciplinary proceedings and that remand is therefore improper. For the reasons set forth below, the Court grants the government's request.

When the decision of a federal agency is under review in a district court, the agency may defend its decision on the merits, or request a remand to reconsider its decision. *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028 (Fed. Cir. 2001); *accord Nat. Res. Def. Council v. United States EPA*, 38 F.4th 34, 61 (9th Cir. 2022), *California Cmty.'s Against Toxics v. United States EPA*, 688 F.3d 989, 992 (9th Cir. 2012). There are three well-accepted grounds for voluntary remand, although "it is possible that there may be remand situations that do not fall neatly into this taxonomy." *SKF USA Inc.*, 254 F.3d at 1028. First, an agency "may seek a remand to reconsider its decision because of intervening events outside of the agency's control." *Id.* Second, an agency "may request a remand, without confessing error, to reconsider its previous position." *Id.* Third, an

agency "may request a remand because it believes that its original decision was incorrect on the merits and it wishes to change the result." *Id.*

The requested remand in this case falls under the second of these categories. The BIA has not admitted any error on the merits of Plaintiff's disciplinary decision. Instead, it argues review is necessary to reconsider the procedures followed leading to that decision, namely, whether the record was complete and whether it included material that should not have been before the BIA. This is a permissible reason for seeking remand. *See SKF USA Inc*, 254 F.3d at 1029 ("[An agency] might argue, for example, that it wished to consider further… the procedures that were followed.").

Reviewing courts have broad discretion over whether to grant a remand,[3] and caselaw provides some guideposts for the exercise of that discretion. *See Id.* at 1029. For instance, remand is generally seen as proper "unless the request is frivolous or made in bad faith." *See Id.*, *Nat. Res. Def. Council*, 38 F.4th at 61. Remand is likewise appropriate when "the agency's concern is substantial and legitimate." *SKF USA Inc*, 254 F.3d at 1029.[4] Courts "generally grant an agency's motion to remand so long as 'the agency intends to take further action with respect to the original agency decision on review.'" *Util Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 436 (D.D.C. 2018) (quoting *Limnia, Inc. v. Dept. of Energy*, 857 F.3d 379, 381, 386 (D.C. Cir. 2017)). Courts prefer to grant agency remand motions because it allows "agencies to cure their own mistakes rather than wasting the courts' and the parties' resources…" *Nat. Res. Def. Council*, 38 F.4th at 60.

The above-cited cases indicate a strong preference for granting agency remand

---

[3] *See Ctr. for Biological Diversity v. U.S. Bureau of Land Mgmt.*, No. CV 21-2507-GW-ASX, 2022 WL 4233648, at *6 (C.D. Cal. Sept. 13, 2022) ("The Court has broad discretion to determine when to send a case back to an agency when the agency asks for remand. Under either standard presented above – whether the agency asks for remand with or without admitting error – the standard (1) is deferential to the agency and (2) allows for the Court's discretion.")

[4] Plaintiff misquotes this case and raises the government's standard from "substantial and legitimate" to "necessary and legitimate." *See* Plaintiff's Response (Doc. 41) at 3.

requests. *See also Ctr. For Biological Diversity v. U.S. Bureau of Land Mgmt.*, No. CV 21-2507-GW-ASX, 2022 WL 4233648, at *6 (C.D. Cal. Sept. 13, 2022) ("administrative agencies have an inherent authority to reconsider their own decisions… In general, the Court should defer to that authority."). Thus, the party opposing an agency's remand request has the burden of convincing the Court that remand is improper. *See California Cmty.'s Against Toxics*, 688 F.3d at 992 (granting the EPA's request for remand because "there [was] no evidence that the EPA's request [was] frivolous or made in bad faith."); *Ctr. For Biological Diversity v. U.S. Bureau of Land Mgmt.*, 2022 WL 4233648, at *6 (rejecting argument that agency was acting in bad faith when a plaintiff did "not support this argument with persuasive or binding case law and/or evidence.").

Here, the Court exercises its discretion and grants the government's motion for voluntary remand. Plaintiff opposes remand on three grounds: (1) the government has failed to provide a substantial and legitimate reason for remand, (2) granting remand without granting Plaintiff's preliminary injunction motion would unnecessarily delay a judicial determination in this case, and (3) remand would effectively prevent Plaintiff from seeking judicial review of her disciplinary sanctions. The Court addresses each.

(1) The government has raised substantial and legitimate grounds for remand. The "substantial and legitimate" standard goes hand-in-hand with the "frivolous or made in bad faith" standard. Each describes a sufficient basis for granting or denying remand. If an agency has substantial and legitimate grounds for remand, the inquiry ends and courts are to grant the agency's request. If a party shows an agency's grounds for remand are frivolous or are made in bad faith, the inquiry ends, and remand is denied. As the party opposing remand, Plaintiff the burden of showing impropriety of remand, either by showing the government lacks substantial and legitimate grounds, or by showing the government's request is frivolous or filed in bad faith.

Plaintiff has made no argument that the government's request is frivolous or made in bad faith. Instead, Plaintiff argues the government has failed to show the omitted filings were "essential" to the agency decision or how the omitted filings might be

reconstructed. Doc. 41 at 2-3. Neither argument is persuasive.

First, Plaintiff cites no authority that the government must show any work it will do on remand is essential, or that some essential detail was omitted on the first decision. Administrative agencies have inherent authority to reconsider their previous decisions; this authority includes reconsidering decisions "without confessing error." *SKF USA Inc.* at 1028. If the government had to show some mistake concerning as essential component of the agency's earlier decision, it would be impossible to seek remand without confessing error. Accepting Plaintiff's argument, here, would therefore breach the BIA's inherent authority to review its own decisions by limiting its right to reconsideration only to those cases where it admits fault.

Second, Plaintiff cites no authority indicating that the government must show how the omitted documents could be reconstructed. It is enough that the government has articulated shortcomings in the administrative record which it would like to address.

(2) Plaintiff argues granting remand without granting Plaintiff's preliminary injunction motion would unnecessarily delay a judicial determination in this case. This argument is moot because the Court has already rejected Plaintiff's pending motion seeking a preliminary injunction.[5] *See* Part I, above.

(3) Plaintiff argues a remand would "sound the death knell" for Plaintiff's right to judicial review of her disciplinary sanctions. The Court takes no position on whether Plaintiff will be able to seek further judicial review of her disciplinary sanctions; such inquiry is beyond the scope of this Court's authority. Binding precedent establishes the bases upon which this Court may review an administrative agency's decisions and the bases upon which this Court must remand a decision. The analysis is clear: the BIA has a right to reconsider its decision in this case. That remand will deprive this Court of jurisdiction to review Plaintiff's case is not an argument against remand, it is *the entire point* of remand.

///

---

[5] Styled as "Motion to Delay Imposition of Disciplinary Sanctions" (Doc. 42).

**IT IS ORDERED** as follows:

(1) Plaintiff's Second Motion to Delay Imposition of Disciplinary Sanctions (Doc. 42) is **denied**.

(2) The government's Motion for Voluntary Remand (Doc. 39) is **granted**.

(3) This case is **remanded** to the Board of Immigration Appeals and is therefore **dismissed without prejudice**.

(4) The Clerk of Court shall close the file in this matter.

Dated this 28th day of August, 2024.

Honorable James A. Soto
United States District Judge